**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAN LU,<br><br>*Plaintiff*,<br><br>v.<br><br>VIATRIS SPECIALTY, LLC d/b/a VIATRIS MEDICAL UNIT,<br><br>*Defendant*. | Civil Action No. 25-16431<br><br>**OPINION & ORDER**<br><br>August 3, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before this Court upon Defendant Viatris Specialty, LLC's ("Defendant") Motion to Dismiss Plaintiff Shan Lu's ("Plaintiff") Complaint, (ECF 7, "Mot."), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), and Plaintiff's Cross-Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). (ECF 10, "Cross-Mot.") The Court has decided the Motions upon submission, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion to Transfer Venue is **DENIED.**

**WHEREAS** this matter arises from Plaintiff's employment as a Regulatory Strategist Director at Defendant Viatris Specialty, LLC, from December 20, 2022, to October 11, 2024. (ECF 1, "Complaint" or "Compl." ¶¶ 23, 176-78.) In her role, Plaintiff worked remotely from Arizona and New Jersey. (*Id.* ¶¶ 24-25.) Plaintiff initiated this action on October 10, 2025, asserting that Defendant unlawfully terminated her after she blew the whistle on its alleged data

manipulation and failure to properly maintain its records, (*see id.* ¶¶ 51-65, 69-74, 80-86, 98-110, 134-51) and became disabled after her stepfather's passing, (*see id.* ¶¶ 113-16). Plaintiff specifically alleges that Defendant violated the Conscientious Employee Protection Act ("CEPA") (Count I), Americans with Disabilities Act of 1990 ("ADA") (Counts II, VI), New Jersey Law Against Discrimination ("NJLAD") (Counts II-V, VII), and Family and Medical Leave Act ("FMLA") of 1993 (Count VIII-IX), (*id.* ¶¶ 51-65); and

**WHEREAS** Defendant filed the present Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction on January 30, 2026, arguing that this Court lacks both general and specific jurisdiction over Defendant. (*See* Mot.) Plaintiff opposed and simultaneously filed a Motion to Transfer the case to the U.S. District Court for the Western District of Pennsylvania on March 2, 2026. (Cross-Mot.) Defendant replied on March 9, 2026. (ECF 11, "Reply"); and

**WHEREAS**, in assessing a motion to dismiss for a lack of personal jurisdiction, "[c]ourts may rely upon matters outside of the pleadings to determine jurisdictional facts." *Duell ex rel. D.D. v. Kawasaki Motors Corp., U.S.A.*, 962 F. Supp. 2d 723, 727 (D.N.J. 2013); *In re Insulin Pricing Lit.*, No. 23-4242, 2025 WL 2573389, at *5 (D.N.J. Sept. 5, 2025) ("The court may consider materials submitted outside of the pleadings when ruling on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction."); and

**WHEREAS** the Court must grant a defendant's motion to dismiss under Rule 12(b)(2) if it does not maintain personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 12(b)(2). Once a defendant challenges personal jurisdiction in this manner, the burden of establishing personal jurisdiction shifts to the plaintiff. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (citations omitted). A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long arm statute

permits jurisdiction and second, whether assertion of personal jurisdiction violates due process. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). New Jersey's long arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution," and thus, the typical two-part inquiry may be collapsed into a single step addressing due process requirements. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 2002); and

**WHEREAS** a district court may exercise either general or specific personal jurisdiction over a defendant. *Abel v. Kirbaran*, 267 F. App'x 106, 108 (3d Cir. 2008). General jurisdiction exists where the defendant maintains "continuous and systematic" contacts with the forum "as to render them essentially 'at home' in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014). A corporation is "at home" in the state where it is incorporated and maintains its principal place of business. *See id.* at 137. This Circuit has affirmed that "for the purpose of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of incorporation." *Hannah v. Johnson & Johnson, Inc.*, No. 18-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020); *see also Gordet v. Chryslergroup LLC*, No. 15-1470, 2015 WL 6407959, at *3 (D.N.J. Oct. 21, 2015) (applying same standard to a limited liability company). "[W]hen the forum is not the place of incorporation or principal place of business, 'exceptional' circumstances are needed to establish general jurisdiction." *Paczkowski v. Hyatt Corp.*, No. 20-10821, 2021 WL 3076963, at *3 (D.N.J. July 21, 2021); *see also Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 Fed. App'x 119, 120 (3d Cir. 2017) ("[I]n exceptional case[s], … a corporation's operations in a [different] forum … may be so substantial and of such a nature as to render the corporation at home in that State."); and

**WHEREAS** this Court lacks general jurisdiction over Defendant. Defendant is not "at home" in New Jersey, given that it is incorporated in Delaware and maintains its principal place

of business in West Virginia. *See Hannah*, 2020 WL 3497010, at *16; (ECF 7-2, Declaration of Bradley Matta, "Matta Decl." ¶ 5.) Further, this is not an "exceptional case," and Defendant lacks "continuous and systematic" contacts with New Jersey. Not only is Defendant incorporated and headquartered elsewhere, but Defendant also does not operate out of New Jersey, nor does it maintain any manufacturing plants, offices, facilities, or other property in New Jersey. (Matta Decl. ¶¶ 6-8.) Defendant also lacks a telephone listing or mailing address in New Jersey. (*Id.* ¶ 9); *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) (noting that it is "incredibly difficult" to establish general jurisdiction over a corporation that is not incorporated or headquartered in the forum state); *Gil. v. Petco Health and Wellness Co.*, No. 24-351, 2024 WL 3949321, at *3-4 (D.N.J. Aug. 27, 2024) (concluding lack of general jurisdiction over a limited liability company that was incorporated in and maintained its principal place of business outside of New Jersey, and possessed no New Jersey-based employees, offices, properties, bank accounts, or telephone listings); *Paczkowski*, 2021 WL 3076963, at *3 (finding no general jurisdiction or exceptional circumstances where the defendant was headquartered in Mexico and did not operate in or do business out of New Jersey); and

**WHEREAS** to establish that Defendant is subject to specific personal jurisdiction in New Jersey, Plaintiff must show: (1) Defendant "purposefully directed [its] activities at [New Jersey]," (2) Plaintiff's claims "arise out of or relate to at least one of those activities," and (3) "the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotations and citations omitted); and

**WHEREAS** this Court lacks specific jurisdiction over Defendant. First, Defendant lacks sufficient minimum contacts with New Jersey such that this Court could conclude it purposefully availed itself of New Jersey law or directed its activities at New Jersey. *See id.* at 317; *Hepp v.*

*Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (noting that "there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state"). Defendant is incorporated in Delaware, headquartered in West Virginia, maintains no property, manufacturing facility, mailing address, or telephone number in New Jersey, and Plaintiff has presented no evidence that Defendant conducted business in New Jersey nor targeted New Jersey in any purposeful or intentional way. (*See* Matta Decl. ¶¶ 6-9.) Further, Plaintiff's supervisors also lacked contact with New Jersey—they were based in West Virginia, Pennsylvania, and the United Kingdom, (*id.* ¶¶ 20-21); and

**WHEREAS**, while Plaintiff chose to work remotely from New Jersey, (Mot. at 10), courts in this District have held that "[a]n employee who works remotely from a home office … does not automatically subject his employer to the jurisdiction of his home state." (Mot. at 17); *Tripp v. Ascentage Pharma Grp. Int'l*, No. 22-5932, 2023 WL 5425506, at *4 (D.N.J. Aug. 23, 2023); *Magill v. Elysian Global Corp.*, No. 12-6742, 2021 WL 1221064, at *7 (D.N.J. Apr. 1, 2021) (concluding lack of personal jurisdiction over a defendant employer where the plaintiff worked remotely in New Jersey because the plaintiff submitted no evidence indicating that the employer had contact with New Jersey beyond managing the employee). Courts require some additional affirmative action by an employer targeting the forum state to establish personal jurisdiction. *See Tripp*, 2023 WL 5425506, at *4. Here, Plaintiff unilaterally decided to temporarily work remotely from New Jersey, (Mot. at 10), and presents no evidence that Defendant affirmatively targeted the State in any way. *See Magill*, 2021 WL 1221064, at *7; *cf. Chadwick v. St. James Smokehouse, Inc.*, No. 14-2708, 2015 WL 1399121, at *4-5 (D.N.J. Mar. 26, 2015) (finding specific jurisdiction over a defendant employer that hired the plaintiff to work remotely from New Jersey, had

relationships with several New Jersey business, and appeared in court about unpaid debt in New Jersey); and

**WHEREAS** "[a]s the Court concludes Plaintiff has not satisfied the first prong [of establishing specific jurisdiction], it need not engage in any analysis regarding prongs two and three." *See Gil*, 2024 WL 3949321, at *6; *Kennedy v. Hoegh Autoliners Shipping PTE Ltd.*, No. 18-8599, 2021 WL 7904032, at *9 (D.N.J. Feb. 17, 2021) ("Because Plaintiffs are unable to satisfy the first requirement for specific jurisdiction, the Court need not address the second or third prongs."); *Gu v. Wang*, No. 24-4348, 2025 WL 660625, at *8 (D.N.J. Feb. 28, 2025) ("Because all three elements of the test must be met to establish specific personal jurisdiction, the Court need not consider the remaining two elements."). Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for lack of personal jurisdiction; and

**WHEREAS** Defendant also argues that this case should be dismissed for lack of personal jurisdiction because Plaintiff signed a mandatory forum selection clause consenting to exclusive jurisdiction in Pennsylvania. (Mot. at 14-16; ECF 7-3, "Ex. A," ¶ 14 ("This Agreement shall be governed in all respects by, and shall be construed in accordance with, the laws of the Commonwealth of Pennsylvania.").) However, the Court need not consider Defendant's arguments with respect to the forum selection clause since it has already concluded it lacks personal jurisdiction. *See Paczkowski*, 2021 WL 3076963, at *5, n.5 ("Because the Court lacks personal jurisdiction, however, it need not decide the enforceability of the forum selection clause."); *Ziencik v. Snap, Inc.*, No. 21-49, 2021 WL 4076997, at *4 (W.D. P.a. Sept. 8, 2021) ("As the Court has found that it lacks personal jurisdiction over Defendant, it need not address the arguments regarding the forum selection clause."); and

**WHEREAS** transfer is the proper vehicle when a defendant moves under 28 U.S.C. § 1404(a), but when, as here, a "defendant moves under Rule 12, a district court retains the judicial power to dismiss notwithstanding its consideration of § 1404." *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001). In her Opposition brief, Plaintiff cross-moved to transfer this case to the U.S. District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (Cross-Mot.) But this Court bears no requirement to transfer the case, even where it lacks personal jurisdiction. *See Salovaara*, 246 F.3d at 299. Instead, the court has "broad discretion" not to transfer and shall do so "if it is in the interest of justice." *See* 28 U.S.C. § 1631; *Norton v. Mylan N.V.*, No. 22-1206, 2025 WL 1752340, at *5 (D.N.J. June 25, 2025) (noting that district courts have "'broad discretion' not to transfer," and concluding that "the interests of justice" did not "demand transfer" where the plaintiff could "refile its case in a proper forum" (internal citations and quotations omitted)); *Abira Medical Laby's, LLC v. Blue Cross and Blue Shield of Mont.*, No. 3199967, 2024 WL 3199967, at *6 (D.N.J. June 26, 2024) (concluding that transfer was not in the "interest of justice" where the parties had not yet "engaged in discovery or significant briefing," the plaintiff had not "raised any concern that its claims might become time-barred if the case were dismissed for lack of personal jurisdiction," and the defendant did not seek transfer); *Cole v. Affluent Ads LLC*, No. 24-1173, 2024 WL 7001962, at *1, n.1 (E.D. P.a. Oct. 3, 2024) (denying a plaintiff's motion to transfer where a defendant moved to dismiss for lack of personal jurisdiction, and in its opposition/cross-motion to transfer, the plaintiff merely cited the relevant transfer statutes and made "no attempt to explain or meet the 'interest of justice requirement'"). Here, Plaintiff herself asserts that she can refile this case in an agreed-upon forum: the United States District Court for the Western District of Pennsylvania. (Cross-Mot.) In addition, the parties have not yet engaged in discovery or significant briefing, Plaintiff has not

alleged that her claims may be time-barred if dismissed, Defendant does not seek transfer, and Plaintiff does not explain why the "interests of justice" require transfer. (*See* Cross-Mot); *see Abira Medical Laby's, LLC*, 2024 WL 3199967, at *6; *Cole*, 2024 WL 7001962, at *1, n.1. As such, the Court concludes that the interests of justice do not require transfer, and **DENIES** Plaintiff's Motion to Transfer Venue.

Accordingly, **IT IS** on this **3rd** day of **August 2026**,

1. **ORDERED** that Defendant's Motion to Dismiss (ECF 7) is **GRANTED**; and it is further
2. **ORDERED** Plaintiff's Complaint (ECF 1) is **DISMISSED** without prejudice in its entirety; and it is further
3. **ORDERED** that Plaintiff's Cross-Motion to Transfer Venue (ECF 10) is **DENIED**; and it is further
4. **ORDERED** that Plaintiff has thirty (30) days from this Order to file an Amended Complaint in the appropriate forum; and it is finally
5. **ORDERED** that the Clerk of the Court is directed to **CLOSE** this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Michael A. Hammer, U.S.M.J.
Parties